# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRETT HAGEWOOD, et al.,<br><br>                              Plaintiffs,<br>v.<br>WILLIAM GORE, et al.,<br>                              Defendants. | Case No.: 16-CV-3126 W (BLM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DOC. 5]** |

Pending before the Court is Defendant County of San Diego's Motion to Dismiss for insufficient service and failure to state a claim. [Doc. 5.] Plaintiffs oppose. [Doc. 7.] The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, Defendant's motion will be **GRANTED.**

//
//
//
//

1

## I. BACKGROUND

The Complaint alleges the following facts. (*Compl.* [Doc. 1].)

Between midnight and 1:00 a.m. on January 12, 2015 in the City of Poway, California, Plaintiff Brett Hagewood was intoxicated. (*Compl.* [Doc. 1] ¶ 14.) In this intoxicated state, Mr. Hagewood fell asleep inside a Ford Escape in the vicinity of an apartment complex at 13312 Community Road, Poway, California. (*Compl.* [Doc. 1] ¶ 15.) The Complaint does not allege who owned this vehicle—or whether or not it belonged to Mr. Hagewood. (*See id.*)

Upon a report of an auto burglary, sheriff's deputies "found [P]laintiff Brett Hagewood asleep inside the Ford Escape and ordered him out of the car." (*Compl.* [Doc. 1] ¶¶ 15–17.) Plaintiff complied with their orders and got out of the car with his hands in the air. (*Id.* [Doc. 1] ¶ 18.) Deputies surrounded him—one of them with a police dog. (*Id.* [Doc. 1] ¶ 19.) One of the deputies ordered Hagewood to get onto the ground. (*Id.* [Doc. 1] ¶ 20.) While "in the process of complying[,]" one of the deputies sent the police dog to attack Hagewood without warning. (*Id.* [Doc. 1] ¶ 21.) While the dog attacked Hagewood, one of the deputies punched him at least three times. (*Id.* [Doc. 1] ¶ 22.)

On December 31, 2016, Plaintiffs Brett and Kim Hagewood brought this action against Sheriff William Gore, the County of San Diego, and "Unknown Sheriff's Deputies." (*Compl.* [Doc. 1].) The Complaint states the following claims for relief: (1) "Excessive Force" against all defendants; (2) violation of 42 U.S.C. § 1983 against Sheriff Gore and the County of San Diego; (3) assault and battery against all defendants; (4) intentional infliction of emotional distress against all defendants; (5) negligence against all defendants; (6) negligent infliction of emotional distress against all defendants; (7) violation of Cal. Civ. Code § 52.1 against all defendants; and (8) false arrest and imprisonment against all defendants. (*Id.*)

A summons was issued on January 3, 2017. [Doc. 2.] To date, no proof of service has been filed.

On March 20, 2018, a hearing was noticed per Civil Local Rule 41.1 for dismissal for want of prosecution. (*Civ. L.R. 41.1 Notice of Hearing* [Doc. 3].) The County of San Diego subsequently filed the instant motion to dismiss. [Doc. 5.] The 41.1 hearing was thereafter vacated. Defendant contends that it was served on March 21, 2018. (*Def.'s Mot.* [Doc. 5-1] 4:18–5:5.)

Plaintiffs filed an opposition to the pending motion to dismiss on May 9—two days late. (*Pls.' Opp'n* [Doc. 7].) See Civ. L.R. 7.1(e)(2). They then filed an ex parte application to excuse this failure, contending that "counsel . . . inadvertently calendared the response for filing 14 days before *May 24*, 2018 instead of the *21st*." (*Ex Parte App.* [Doc. 8].)[1] In the interest of justice, the Court will consider the late-filed opposition papers.

## II. LEGAL STANDARDS

### A. Motion to Dismiss for Untimely Service

As relevant here, Federal Rule of Civil Procedure 4(m) provides:

**If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.**

Fed. R. Civ. P. 4(m). "Courts have discretion under Rule 4(m), absent a showing of good cause, to extend the time for service or to dismiss the action without prejudice." In re Sheehan, 253 F.3d 507, 513 (9th Cir. 2001). "[T]he court's discretion is broad." Id.

---

[1] Both the opposition and the motion contain a hearing date of May 21, 2018.

3

**B.     Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. See Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001), *opinion amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001).

**III.    DISCUSSION**

**A.     All State-law Claims are Time-barred.**

Defendants move to dismiss all state-law claims for relief as time-barred. (*Def.'s Mot.* [Doc. 5-1] 3:5–4:17.) Plaintiffs do not oppose. (*Pl.'s Opp'n* [Doc. 7] 2:23–3:2.)

4

The third through eighth claims for relief within the Complaint will be dismissed without leave to amend.[2]

**B.     The Remaining Claims will be Dismissed for Insufficient Service.**

Defendants move to dismiss the remaining federal claims for untimely service. (*Def.'s Mot.* [Doc. 5-1] 4:18–6:2.) Federal Rule of Civil Procedure 4(m) provides a 90-day window for service of process. The Complaint was filed on December 31, 2016. No proof of service appears on the docket, but Defendants do not dispute that they were served on March 21, 2018. (*Def.'s Mot.* [Doc. 5-1] 4:18–5:5.) This is 445 days after the Complaint was filed.

"In making extension decisions under Rule 4(m) a district court may consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.' " Efaw v. Williams, 473 F.3d 1038, 1041 (9th Cir. 2007) (Troxell v. Fedders of N. Am., Inc., 160 F.3d 381, 383 (7th Cir.1998)). Plaintiffs contend that their claims would be time-barred upon a dismissal and that the County knew about the suit because of their initiation of the administrative process relating to the state tort claims in July of 2015. (*Pls.' Opp'n* [Doc. 7] 4:24–5:1; *Compl.* [Doc. 1] ¶ 10.) Defendants contend that they did not receive notice of the federal claims until service in March of 2018 and that they would be prejudiced in defending against them now because three years have passed since the events in question took place.

Plaintiffs first took action in serving the Complaint on August 11, 2017 when they requested that County Counsel waive service. (*Pls.' Opp'n* [Doc. 7] 3.) August 11, 2017 is 223 days after the filing of the Complaint—well outside the 90-day service window contemplated by Rule 4(m). Plaintiffs suggest that they did not receive County Counsel's August 22 responsive letter declining to waive service. (*See Pls.' Opp'n* [Doc. 7] 3:23–

---

[2] The Court need not grant leave to amend if such amendment would be futile. See DCD Programs, Ltd. V. Leighton, 833 F.2d 183, 186 (9th Cir. 1987).

5

4:5.) But Plaintiffs do not dispute they did not effect service until after the Court noticed a hearing per Civil Local Rule 41.1 for dismissal for want of prosecution. (*See Pls.' Opp'n* [Doc. 7] 4:24–5:1.) That happened on March 20, 2018. (*Civ. L.R. 41.1 Notice of Hearing* [Doc. 3].) They show no good cause for this delay. They do not demonstrate that the County had timely notice of the federal claims pending against it, or that their delay would not prejudice Defendant's interests. The remaining claims for relief will be dismissed without prejudice.

## IV.  CONCLUSION & ORDER

Plaintiffs' ex parte application for relief from the filing deadline as to their opposition papers is **GRANTED**. [Doc. 8.]

Defendant's motion to dismiss is **GRANTED**. [Doc. 5.]

**IT IS SO ORDERED.**

Dated: June 27, 2018

Hon. Thomas J. Whelan
United States District Judge